# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**AMY ANN BARRETT**                                                                 **PLAINTIFF**

**V.**                              **NO. 3:20CV00006 JM-PSH**

**ANDREW SAUL, COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**[1]                          **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge James M. Moody, Jr. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Amy Ann Barrett, applied for disability benefits on May 5, 2017, alleging disability beginning on April 1, 2016. (Tr. at 12). The application was

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Barrett's claim. (Tr. at 25). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Barrett has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II.  The Commissioner's Decision:

The ALJ found that Ms. Barrett had not engaged in substantial gainful activity since the alleged onset date of April 1, 2016. (Tr. at 14). At Step Two of the sequential five-step analysis, the ALJ found that Ms. Barrett had the following severe impairments: degenerative disc disease, osteoarthritis, asthma, depression, personality disorder, and post-traumatic stress disorder. *Id.*

After finding that Ms. Barrett's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that Ms. Barrett had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with limitations. (Tr. at 16). She can occasionally stoop, kneel, crouch, and crawl. *Id*. She must avoid concentrated exposure to temperature extremes, dust, fumes, humidity, and chemical and other pulmonary irritants. *Id*. She can perform simple tasks learned by rote within a 30-day period that require little independent judgment. *Id*. She can tolerate occasional changes in the routine work setting. *Id*. She is limited to

superficial interpersonal contact with others. *Id*.

The ALJ next found that Ms. Barrett was unable to perform any of her past relevant work. (Tr. at 23). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Ms. Barrett's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 24-25). Therefore, the ALJ found that Ms. Barrett was not disabled. *Id*.

### III.  Discussion:

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Ms. Barrett's Arguments on Appeal

Ms. Barrett contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) the ALJ erred when he did not find peripheral neuropathy to be a severe impairment; (2) the RFC did not fully incorporate Ms. Barrett's limitations; and (3) the ALJ did not properly analyze her subjective complaints. After reviewing the record as a whole, the Court concludes

4

that the ALJ did not err in denying benefits.

The ALJ did a thorough job of describing Ms. Barrett's evidence of back pain that radiated to her legs. He observed that she walked with an occasional limp, that she showed tenderness and muscle spasm in her back, and that she had restricted range of motion. (Tr. at 18-19). He noted MRI findings of labral tear and facet arthritis with joint effusion. *Id*. He noted positive straight-leg raises and lumbar spondylosis. *Id*. He also addressed Ms. Barrett's peripheral neuropathy. Nerve conduction study was abnormal and Ms. Barrett had peripheral nerve entrapment. (Tr. at 399-402).

However, Ms. Barrett responded well to treatment for her back and leg pain. She said that she was very happy with radiofrequency ablation. (Tr. at 416-417). She said that most of her hip pain was gone after an injection. *Id*. She had tremendous relief after a piriformis injection. (Tr. at 420). She had good relief from a Lidocaine injection. (Tr. at 423). She also had good relief from branch blocks. (Tr. at 425). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Ms. Barrett's pain management doctor suggested she be weaned off of narcotics. (Tr. at 420). He also suggested weight loss, strengthening exercises, and physical therapy. (Tr. at 432, 569). *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir.

2009)(encouragement to exercise constituted evidence in support of ALJ's findings). Ms. Barrett said in October 2017 that physical therapy was effective. (Tr. at 388). She also said that Aleve helped with pain. (Tr. at 468). Improvement with treatment undermines Ms. Barrett's claims that she was totally disabled. It also undermines her claim that peripheral neuropathy should have been ruled a severe impairment. Once the ALJ proceeds past Step Two, the labeling of an impairment as severe or non-severe has no legal significance; the medical record as whole is the basis for the determinations at Steps Three and Four. See 20 C.F.R. §§ 404.1545(e), 416.945(e); Social Security Ruling 96-8p, 1996 WL 374184 (the ALJ will consider all medically determinable impairments, even those that are non-severe, when assessing residual functional capacity). The ALJ did not err at Step Two; he discussed peripheral neuropathy in conjunction with the other impairments.

The RFC for simple work at the sedentary level incorporated Ms. Barrett's limitations. She had some mental health issues, but at the end of the treatment period, she was "feeling awesome, in a positive mood," and sleeping better, with decreased anger and manic symptoms. (Tr. at 615-645). She said psychiatric medication helped, and she enjoyed relaxing with family. (Tr. at 786-794). Additionally, Ms. Barrett could do things like fix breakfast, do laundry, go out to eat and to the movies, and visit her grandmother. (Tr. at 38-42). Such daily activities undermine her claims

of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995), Both physically and mentally, Ms. Barrett improved over the relevant time-period and was amenable to treatment, which meant that the RFC was well-supported.

The ALJ also properly analyzed Ms. Barrett's subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See Schwandt v. Berryhill, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*. The ALJ discussed the objective findings, Ms. Barrett's characterization of her pain, Ms. Barrett's medications, her response to treatment, and the opinion evidence. He fulfilled his duty.

Finally, Ms. Barrett says that she would miss more than one day per month of work, and would thus be unemployable. Indeed, the VE said that, at least in the training period for her job, one absence per month would be too many. (Tr. at 50). Ms. Barrett says that her treatment like branch blocks and injections would keep her

off work. However, she did not provide evidence of any such treatment in all of 2018, or evidence that these treatments would cause her to miss a whole day of work. This argument fails to convince.

## VI.  Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Barrett was not disabled. The ALJ did not err at Step Two, he fully evaluated the subjective complaints, and the RFC incorporated all of Ms. Barrett's limitations The case should be dismissed, with prejudice.

IT IS SO ORDERED this 21st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE